**JASS LAW**
Jeremy D. Jass, SBN 279466
4340 Von Karman Avenue, Suite 100
Newport Beach, CA 92660
Tel: (562) 340-6299
Fax: (562) 340-6422
jeremy@jasslaw.com

Attorneys for Plaintiff
LAURA SCOTT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA SCOTT, in her individual capacity and as successor in interest to RICO ROBLES,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; DEPUTY ZABOROWSKI, individually and as Sheriff's Deputy for the Riverside Sheriff's Department; DEPUTY HANSEN, individually and as Sheriff's Deputy for the Riverside Sheriff's Department; and DOES 1-10, inclusive;<br><br>Defendants. | Case No.: 5:20-cv-2511<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983- Wrongful Death<br>2. 42 U.S.C. § 1983- Survival Action<br>3. 42 U.S.C. § 1983- Deprivation of the Rights of Plaintiff's to Familial Relationships with the Decedent<br>4. Negligence<br><br>**DEMAND FOR JURY TRIAL**<br><br>(Amount demanded exceeds $25,000) |

COMES NOW Plaintiff, LAURA SCOTT, in her individual capacity and as successor in interest to RICO ROBLES, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 (federal question and 1343(3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the Court, pursuant to 28 U.S.C. § 1367.

2. Plaintiff's claims arise out of an incident which occurred in Riverside County, at or near Aguanga, County of Riverside, State of California, and within this judicial district.

## PARTIES

3. Plaintiff LAURA SCOTT (hereinafter "SCOTT" or "Plaintiff"), is the natural mother of Decedent RICO ROBLES. Plaintiff SCOTT is an individual and an heir-at-law to her son, Decedent RICO ROBLES, who is entitled to recover wrongful death damages for the death of her son including, loss of economic support, loss of love, aid, comfort, society, guidance and affection, funeral and burial expenses and all other wrongful death damages available under state and federal law. Plaintiff SCOTT, as successor-in-interest to Decedent RICO ROBLES, is also entitled to recover the additional damages of the conscious pain, suffering, mental and emotional distress, worry, fear and anxiety of Decedent RICO ROBLES and the other personal injury/survival damages available to a successor-in-interest to the Estate under state and federal law.

4. Defendant, COUNTY OF RIVERSIDE ("the COUNTY"), is a government entity existing under the laws of the State of California and wholly located within the State of California. At all times herein mentioned, Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Riverside Sheriff's Department, and particularly said Department's Patrol, Internal Investigations,

Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs, and usages related to their dealings with the use and deployment of dangerous weapons, the use of force, the powers of arrest by its rank and file, internal investigations, personnel supervision and meaningful records review and maintenance.

5. The Riverside Sheriff's Department ("the Department") is an operating department of the COUNTY.

6. Defendant DEPUTY ZABOROWSKI ("ZABOROWSKI") is a Sheriff's Deputy with the Riverside Sheriff's Department. She maintained this position at all times relevant to these claims. In doing the things alleged herein, ZABOROWSKI acted under color of state law, and within the course and scope of her employment.

7. Defendant DEPUTY HANSEN ("HANSEN") is a Sheriff's Deputy with the Riverside Sheriff's Department. He maintained this position at all times relevant to these claims. In doing the things alleged herein, HANSEN acted under color of state law, and within the course and scope of his employment.

8. Defendant DOES 1 through 10 are not known or identified at this time. On information and belief, Plaintiff alleges that each Doe is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said Defendants become known, Plaintiff will seek relief to amend this complaint to show their true identities in place of their fictitious names as DOES 1 through 10. Defendants, and each of them, were the agents, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and employment at all relevant times.

9. At all times herein mentioned, Defendants ZABOROWSKI, HANSEN, and DOES 1-10, inclusive, and each of them, were employees of the Riverside Sheriff's Department.

10. At all times relevant, each individual Defendant was acting within the course and scope of their employment as Sheriff's Deputies of the COUNTY, and under the color of state law, and as the employee, agent and representative of each and every other Defendant.

11. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

12. Wherever appearing in this Complaint, each and every reference to Defendants, or any of them, is intended to include, and shall be deemed to include, all fictitiously named Defendants. Wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally. Wherever reference is made in this Complaint to individuals who are not named as a Defendant in this Complaint, but were the agents, servants, employees, and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of employment.

13. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to the Complaint, each Defendant, including Defendants designated as DOES 1-10, inclusive, was completely dominated and controlled by his/her/its co-

Defendants and was the alter ego of the other as to all events relevant to the Complaint.

14. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## FACTUAL ALLEGATIONS

15. On or about April 1, 2020, Decedent RICO ROBLES was inside a pickup truck with a trailer attached that was involved in a vehicle pursuit with Defendants and the Riverside County Sheriff's Department.

16. Based on information and belief, the pursuit concluded on Tule Peak Road east of Eastgate Trail. Tule Peak Road is a dirt road with large rocks and dirt mounds throughout.

17. Based on information and belief, the pick-up truck and trailer that Decedent RICO ROBLES was inside got hung up on the roadway, including the elevation, the large rocks, and/or the large dirt mounds. The pick-up truck and trailer was unable to clear a portion of the road and became stuck.

18. At this point, Defendant Deputies ZABOROWSKI and HANSEN, stopped their vehicles behind and to the side of the pick-up truck and trailer, exited their squad cars, and stood on some mounds of dirt that were behind and to the left of the pick-up truck and trailer.

19. After the pick-up truck and trailer became stuck in the dirt road, it began to slowly roll backwards and to the right, which was away from the deputies and their vehicles. At no point did the pick-up truck and trailer come close to contacting the Sheriff's Deputies vehicles, Defendants ZABOROWSKI and HANSEN, or anyone else.

20. The pick-up truck and trailer then stopped rolling backwards without contacting anyone or anything.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

21. At this point, Defendant ZABOROWSKI fired her service pistol two times at Decedent RICO ROBLES, striking him.

22. Once Defendant ZABOROWSKI began firing at the pick-up truck, Decedent and another person exited the pick-up truck and began to run away.

23. Then, Defendant HANSEN fired his service pistol at Decedent RICO ROBLES, striking him.

24. Defendants and other members of the Sheriff's Department then set up a perimeter and claimed to be conducting a thorough search for Decedent RICO ROBLES and the other person that exited the pick-up truck.

25. Based on information and belief, Defendants and members of the Riverside Sheriff's Department claimed to have used dogs, helicopters, and thermal imaging in searching for Decedent RICO ROBLES and the other person that exited the pick-up truck.

26. Based on information and belief, Defendants and members of the Riverside Sheriff's Department searched for approximately 36 hours before clearing the scene without finding Decedent RICO ROBLES or the other person that exited the pick-up truck.

27. Plaintiff became aware of the officer involved shooting and saw a press release regarding the shooting. She became concerned after not hearing from or seeing her son Decedent RICO ROBLES, she drove out to the location of the shooting with her daughter two days after the shooting occurred.

28. Plaintiff and her daughter drove to Tule Peak Road passed Eastgate Trail and found debris from the trailer that had been towed away by the Riverside Sheriff's Department.

29. Within about 30-45 minutes of arriving to that location, Plaintiff and her daughter found Decedent RICO ROBLES laying on his right side, deceased from gunshot wounds, approximately 200 yards down the road and slightly to the right of the location of the shooting.

30. Plaintiff and her daughter then notified the Riverside County Sheriff's Department that they had found Decedent RICO ROBLES's body. Defendant's then detained Plaintiff and her daughter for seven hours in the back of the squad car.

31. At the time he was assaulted and battered, and suffered unreasonable, unnecessary, and excessive force, Decedent RICO ROBLES was unarmed, defenseless, and made no furtive movements or gestures whatsoever and was in a completely non-threatening position.

32. The Defendants' brutal treatment of Decedent RICO ROBLES caused him to fear for his life and caused Plaintiff serious physical injury, lack of medical care, and to suffer his last moments alone in the desert in agonizing pain; Defendants COUNTY, ZABOROWSKI, HANSEN, and DOES 1-10, inclusive, and each of them, deliberately ignored Decedent's obvious physical condition and location, and his urgent need for medical care.

33. Defendants, and each of them, acted under color of state law as law enforcement officers of the Riverside Sheriff's Department.

34. The Defendants' actions were reckless and callously indifferent to the Decedent RICO ROBLES's federal and state protected rights.

35. The use of force against the Decedent RICO ROBLES was the result of the policy, practice and custom of the Riverside Sheriff's Department to inadequately train, supervise, and discipline law enforcement officers who use excessive force, including deadly force.

36. The inadequate supervision and discipline of Sheriff's Deputies by the County of Riverside has led to the unnecessary and illegal use of excessive force, including deadly force.

37. The policy, practice and custom of the County of Riverside is that when officers use excessive force, other officers do not intervene to prevent the use

of the illegal force, do not arrest the officer engaging in the illegal activity, and do not report the illegal activity.

38. The policy, practice and custom of the County of Riverside with respect to allegations of excessive force reported by citizens, is to conduct a minimal investigation designed to exonerate the officers involved rather than discover the true facts of the incident.

39. As a result of this code of silence adhered to by County of Riverside and the inadequate investigation of allegations of the use of excessive force, officers reasonably conclude that their use of excessive force will not result in discipline, termination, or criminal prosecution against them.

40. The above policies and practices have resulted in a culture of violence in which the use of excessive force is an accepted and customary part of police work in the County of Riverside.

## COMPLIANCE WITH GOVERNMENT TORT CLAIMS ACT

41. Plaintiff complied with the requirements of *Government Code* section 905 by presenting a claim to the COUNTY within six months of the date of the incident. The COUNTY rejected Plaintiff's claim by letter. Plaintiff filed her Complaint within six months of the notice of rejection by the COUNTY.

## INCORPORATION BY REFERENCE

42. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 41, inclusive, of this Complaint, and by this reference incorporates the same into each cause of action herein.

## FIRST CAUSE OF ACTION

**(VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 – Wrongful Death By Plaintiff LAURA SCOTT, in her individual capacity and as successor-in-interest to RICO ROBLES)**

**Against Defendants All Defendants, including DOE Defendants.**

43. Defendants, acting under color of law, deprived the Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution, by, among other things, negligently, recklessly and with deliberate indifference ignoring the fact Decedent was unarmed and was not a threat to Defendants and deployed deadly force against Decedent, and conducting a sham search that resulted in Defendants leaving Decedent in the desert to die alone without medical aid for the injuries they caused him, proximately causing his death. Defendants violated Decedent's rights by committing the following acts, among others:

   a. Defendants used deadly force even though Decedent had not committed a serious crime, and even though he did not pose a threat of death or serious physical injury to the officers or to others;

   b. Defendants ZABOROWSKI, HANSEN, and DOES 1-10 violently and viciously shot Decedent while he was unarmed, had nothing in his hands, was nowhere near contacting Defendants or any other with a vehicle, and was running away from Defendants posing no threat to Defendants or anyone else.

   c. The force used was deadly because shooting a person is reasonably likely to cause death and/or serious injury.

   e. Decedent did not and could not have posed a threat to Defendants because he was unarmed, unthreatening, and running away.

44. At all times during the events described herein, Defendants ZABOROWSKI, HANSEN, and DOES 1 through 10 and each of them assisted each other in performing the various action described and lent their physical presence and support and authority of their office to each other during the event and engaged in a conspiracy to cover up the excessive use of force, by among other things, claiming that Decedent was resisting them.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

45. The unreasonable use of deadly force by ZABOROWSKI, HANSEN, and DOES 1-10 and each of them, deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46. As a legal result of Defendants' acts and omissions as described, Decedent suffered extreme pain and suffering. Decedent suffered serious physical injuries and death at the hands of Defendants.

47. Plaintiff LAURA SCOTT is Decedent's mother and heir-at-law and is the proper party with standing pursuant to Cal. Civ. Code § 377.60 (incorporated herein by virtue o 42 U.S.C. § 1988) to pursue this wrongful death claim pursuant to section 1983.

48. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass, and oppress Decedent, with a conscious disregard of Decedent's constitutional rights and conscious and deliberate indifference to the risk of death to Decedent, and by reason thereof, Decedent seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

49. Plaintiff has been damaged, including pecuniary loss and other compensable injuries resulting from loss of love, society, comfort, guidance, affection, attention, services, and financial and emotional support of the Decedent, funeral and burial expenses and all other allowable wrongful death damages in an amount according to proof at the time of trial.

50. As a further proximate result of the acts of Defendants, as alleged above, Plaintiff has incurred expenses, including burial expenses, in an amount in accordance with proof.

## SECOND CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 – Survival Action By Plaintiff LAURA SCOTT, in her individual capacity and as successor-in-interest to RICO ROBLES)

**Against Defendants All Defendants, including DOE Defendants.**

51. Plaintiff LAURA SCOTT brings this claim for relief in her capacity and is the successor in interest and personal representative of the Estate of the Decedent.

52. The foregoing claim for relief arose in the Decedent's favor, and the Decedent would have been the Plaintiff with respect to this claim for relief had he lived.

53. Defendants, acting under color of law, deprived the Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution, by, among other things, negligently, recklessly and with deliberate indifference ignoring the fact Decedent was unarmed and was not a threat to Defendants and deployed deadly force against Decedent, and conducting a sham search that resulted in Defendants leaving Decedent in the desert to die alone without medical aid for the injuries they caused him, proximately causing his death.

54. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, the Decedent sustained general damages, including pre-death pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof. In doing the foregoing wrongful acts, individual Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

11

punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

## THIRD CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 – Deprivation of the Rights of Plaintiff Familial Relationship with the Decedent By Plaintiff LAURA SCOTT)

**Against Defendants All Defendants, including DOE Defendants.**

55. Defendants, acting under color of law, deprived the Plaintiff of her rights to a familial relationship with the Decedent without due process of law in violation of the Fourteenth Amendment by their conscious-shocking deliberate indifference to the fact Decedent was unarmed and was not a threat to Defendants and deployed deadly force against Decedent, and conducting a sham search that resulted in Defendants leaving Decedent in the desert to die alone without medical aid for the injuries they caused him, proximately causing his death. Defendant DOES 1 through 10, inclusive, and each of them, acting in their individual capacities were deliberately indifferent to the fact Decedent was unarmed and was not a threat to Defendants and deployed deadly force against Decedent, and conducting a sham search that resulted in Defendants leaving Decedent in the desert to die alone without medical aid for the injuries they caused him, proximately causing his death.

56. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff sustained general damages, and loss of aid, comfort, guidance, affection, and society, and special damages, including loss of support, in an amount in accordance with proof.

57. In doing the foregoing wrongful acts, individual Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff and the Decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive

damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTH CAUSE OF ACTION
## (NEGLIGENCE- Wrongful Death)
## Against All Defendants

58. Defendants, and each of them, failed to exercise ordinary care in the deployment of force, excessive force, and deadly force, as well as in their failure to search for, and locate Decedent and provide adequate medical treatment and care to him, proximately causing his death.

59. Defendants, and each of them, failed to exercise ordinary care in the careless, reckless, malicious, willful, and deliberate use of unreasonable, excessive, and deadly force against Decedent by shooting him despite the fact he was unarmed, was not a threat to Defendants or anyone else, and was running away, proximately causing his death.

60. Defendants, and each of them, failed to exercise ordinary care in the failure to search for, locate, and provide adequate medical treatment and care to Decedent, proximately causing his death.

61. Defendants, and each of them, failed to exercise ordinary care in the failure to provide proper nutrition and hydration to Decedent, proximately causing his death.

62. As a direct and proximate cause of the aforementioned acts of defendants, Plaintiff lost the support, love, aid, guidance, affection, comfort and society of her son, the Decedent, has hereinabove alleged including loss of aid, comfort, guidance, affection, and society, and special damages, including loss of support, in an amount in accordance with proof and Decedent's general damages, including pre-death pain and suffering, and a loss of enjoyment life and other hedonic damages.

63. Except as provided by statute, a public entity is liable for injury caused by his act or omission to act to the same extent as a private person. *Gov't Code* § 820.

64. The COUNTY is liable for injuries proximately caused by acts or omissions by its employees while acting within the course and scope of their employment if the act or omission would have given rise to a cause of action against that employee of his personal representative. *Gov't Code* § 815.2.

65. On or about the dates, time and places alleged herein, Defendants ZABOROWSKI, HANSEN, and DOES 1 through 10, inclusive, while acting in the course and scope of their employment as Riverside Sheriff's Deputies or other government officials, and under color of state law, did commit the acts and omissions described above.

66. Defendants' acts and omissions as heretofore described, proximately caused Plaintiff's serious injuries.

67. Accordingly, the COUNTY is liable to Plaintiff, for her injuries, for each and every act and omission listed above that proximately caused said injuries. By reason thereof, Plaintiff seeks special and general damages from Defendant COUNTY, in an amount according to proof.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For compensatory damages, for wrongful death including damages for the loss of Decedent's life-long love, companionship, comfort, guidance, care, assistance, protection, affection, society, moral support, and the loss of relationship with Decedent, including loss of

society, familial relationship and companionship in an amount according to proof at the time of trial;

2. For compensatory damages, for survival for the mental, physical, and emotional pain and suffering of Decedent in an amount according to proof at the time of trial;

3. For loss of financial support, sustenance and earning capacity in an amount according to proof at the time of trial;

4. For loss of gifts and benefits in an amount according to proof at the time of trial;

5. For the loss of reasonable value of household services in an amount according to proof at the time of trial;

6. For punitive damages against the individual defendants in an amount to be proven at trial;

7. For interest;

8. For Attorney's Fees pursuant to 42 U.S.C. § 1988;

9. For Costs of suit;

10. For all other damages allowed under federal and state law and;

11. For such other and further relief as the Court may deem proper.

DATED:  December 3, 2020         JASS LAW

By: _____
Jeremy D. Jass
Attorneys for Plaintiff
LAURA SCOTT

## DEMAND FOR JURY TRIAL

Plaintiff LAURA SCOTT hereby demands a trial by jury.

DATED: December 3, 2020        JASS LAW

By: _____
Jeremy D. Jass
Attorneys for Plaintiff
LAURA SCOTT