Dean Gazzo Roistacher LLP
Attorneys at Law
Mitchell D. Dean, Esq. (SBN 128926)
Stephanie M. Skees, Esq. (SBN 263962)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail: mdean@deangazzo.com
         sskees@deangazzo.com

Attorneys for Defendant
Deputy Ryan Hansen

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA SCOTT, in her individual capacity and as successor in interest to RICO ROBLES,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF RIVERSIDE; DEPUTY ZABOROWSKI, individually and as Sheriff's Deputy for the Riverside Sheriff's Department; DEPUTY HANSEN, individually and as Sheriff's Deputy for the Riverside Sheriff's Department; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.: 5:20-cv-02511-JGB-SHK<br><br>**ANSWER BY DEFENDANT DEPUTY RYAN HANSEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br><br>District Judge:     Jesus G. Bernal<br>Magistrate Judge:  Shashi H. Kewalramani<br>Trial Date:         None set |

   Defendant Deputy Ryan Hansen hereby answers plaintiff's First Amended Complaint ("FAC") as follows:

   1.   Paragraph No. 1: Admit.

   2.   Paragraph No. 2: Admit.

   3.   Paragraph No. 3: This paragraph contains no substantive or specific factual allegations and requires no affirmative admission or denial. If an affirmative response is required, this answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

1

4. Paragraph No. 4: Admit the County is a public entity organized and existing under the laws of the State of California and wholly located in the state of California. This answering defendant lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations.

5. Paragraph No. 5: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of this allegation.

6. Paragraph No. 6: Admit.

7. Paragraph No. 7: Admit.

8. Paragraph No. 8: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

9. Paragraph No. 9: As to this answering defendant, admit.

10. Paragraph No. 10: This answering defendant admits that at all relevant time he was acting within the course and scope of his employment as a Sheriff deputy and under color of state law, and as an employee of the County. Deny as to the remaining allegations.

11. Paragraph No. 11: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

12. Paragraph No. 12: This paragraph contains no substantive or specific factual allegations and requires no affirmative admission or denial.

13. Paragraph No. 13: As to this answering defendant, deny.

14. Paragraph No. 14: As to this answering defendant, deny.

15. Paragraph No. 15: Admit.

16. Paragraph No. 16: Admit.

17. Paragraph No. 17: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

18. Paragraph No. 18: This answering defendant admits he stopped his vehicle behind and to the side of the pickup truck and trailer and then exited his vehicle. This answering defendant denies that he stood on a mound of dirt.

19. Paragraph No. 19: Deny.

20. Paragraph No. 20: This answering defendant admits that the pickup truck and trailer stopped rolling backwards without contacting anyone after Deputy Zaborowski fired her weapon.

21. Paragraph No. 21: This answering defendant admits Deputy Zaborowski fired her service pistol two times at the truck. This answering defendant denies that Deputy Zaborowski hit decedent.

22. Paragraph No. 22: This answering defendant admits that after Deputy Zaborowski fired at the pickup truck, decedent exited the truck, faced the deputies with his hands down, and then began to run away after this answering defendant fired his service pistol.

23. Paragraph No. 23: This answering defendant admits he fired his service pistol at decedent Robles before Robles began to run away.

24. Paragraph No. 24: This answering defendant denies he was involved in setting up a perimeter or conducting a search for decedent Robles and his accessory and, thus, lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations.

25. Paragraph No. 25: This answering defendant denies he was involved in conducting a search for decedent Robles and his accessory and, thus, lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations.

26. Paragraph No. 26: This answering defendant denies he was involved in conducting a search for decedent Robles and his accessory and, thus, lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations.

27. Paragraph No. 27: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

///

28. Paragraph No. 28: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

29. Paragraph No. 29: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

30. Paragraph No. 30: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

31. Paragraph No. 31: Deny.

32. Paragraph No. 32: This answering defendant denies that he deliberately ignored decedent's physical condition, location, or need for medical care. This answering defendant lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations.

33. Paragraph No. 33: As to this answering defendant, admit.

34. Paragraph No. 34: Deny.

35. Paragraph No. 35: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

36. Paragraph No. 36: This paragraph contains no substantive or specific factual allegations and requires no affirmative response. Despite this, this answering defendant reasserts its responses to Paragraph Nos. 1 – 35 by reference and incorporate the same into each cause of action herein.

37. Paragraph No. 37: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

38. Paragraph No. 38: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

39. Paragraph Nos. 39 - 40: Deny.

40. Paragraph No. 41: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

41. Paragraph No. 42: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

42. Paragraph No. 43: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

43. Paragraph Nos. 44 - 47: Deny.

44. Paragraph No. 48: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

45. Paragraph Nos. 49 - 51: Deny.

46. Paragraph No. 52: This paragraph contains no substantive or specific factual allegation and requires no affirmative admission or denial.

47. Paragraph Nos. 53 - 57: Deny.

48. Paragraph Nos. 58 - 59: These paragraphs contain a statement of law and require no affirmative admission or denial.

49. Paragraph Nos. 60 - 61: Deny

50. Paragraph No. 62: This paragraph contains no substantive or specific factual allegation and requires no affirmative admission or denial. If an affirmative response is required, deny.

51. Paragraph No. 63: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations. If an affirmative response is required, deny.

52. Paragraph No. 64: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

53. Paragraph No. 65: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

54. Paragraph No. 66: This paragraph contains a statement of law and requires no affirmative admission or denial.

55. Paragraph Nos. 67 - 72: Deny.

56. Paragraph No. 73: This paragraph contains a statement of law and requires no affirmative admission or denial.

57. Paragraph Nos. 74 - 77: Deny.

58. Paragraph No. 78: This answering defendant lacks sufficient information or knowledge to form a belief about the truth of these allegations.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to each cause of action therein, Defendant Deputy Ryan Hansen asserts the following:

1.

FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim against this answering defendant upon which relief may be granted.

2.

SECOND AFFIRMATIVE DEFENSE

This answering defendant alleges that decedent Rico Robles failed to exercise ordinary care on his own behalf under the circumstances alleged in the FAC. Any and all events and happenings in connection with the alleged occurrences and the resulting injuries and damages, if any, were proximately caused and contributed to by the negligence of decedent.

As a result, plaintiff's right to recover from this answering defendant should be diminished in an amount, established by proof at trial, which is in direct proportion to decedent's failure to exercise due care.

3.

THIRD AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and thereon alleges, that the injuries suffered by decedent and plaintiff, if any, were the actual and proximate result of the conduct of others and this answering defendant's liability, if any, is limited in direct proportion to the percentage of fault actually attributed to this answering defendant.

///

///

4.

FOURTH AFFIRMATIVE DEFENSE

This answering defendant alleges that decedent failed to mitigate his damages by failing to seek medical treatment after he was injured. This answering defendant further alleges that plaintiff's claims are barred or limited to the extent plaintiff failed to mitigate her injuries or damages, if any.

5.

FIFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that each and every act or omission of this answering defendant was made or done in good faith and in the reasonable belief in the necessity or propriety of such act or omission for the proper execution and enforcement of the law.

6.

SIXTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and thereon alleges, the injuries which plaintiff allegedly sustained were brought about by intervening, independent, superseding, and/or unforeseeable causes over which defendant had no control and for which this answering defendant cannot be held liable.

7.

SEVENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that at the time and place referenced in the FAC, and before such described events, plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position where he willingly and voluntarily assumed each of said risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

///

///

8.

## EIGHTH AFFIRMATIVE DEFENSE

This answering defendant is immune from liability under 42 U.S.C. section 1983 under the doctrine of qualified immunity.

9.

## NINTH AFFIRMATIVE DEFENSE

This answering defendant is immune from liability under Government Code section 820.4 for the execution or enforcement of any law.

10.

## TENTH AFFIRMATIVE DEFENSE

This answering defendant is immune from liability under Government Code section 821.6 for instituting or prosecuting any judicial or administrative proceeding, including the investigation that may precede the institution of any such proceeding, within scope of employment, even if malicious and without probable cause.

11.

## ELEVENTH AFFIRMATIVE DEFENSE

This answering defendant is immune from liability under Government Code section 820.2's discretionary immunity.

12.

## TWELVTH AFFIRMATIVE DEFENSE

This answering defendant currently has insufficient knowledge or information upon which to determine whether additional affirmative defenses may be available to it which have not yet been asserted in this answer, and therefore reserve the right to assert additional affirmative defenses upon subsequent discovery, investigation, and analysis.

///

///

# PRAYER

**WHEREFORE**, defendant Deputy Ryan Hansen prays that judgment be entered in its favor as follows:

    1.    That plaintiff takes nothing by way of her First Amended Complaint;

    2.    That defendant Deputy Ryan Hansen be awarded his costs of suit and reasonable attorneys' fees herein; and

    3.    That defendant Deputy Ryan Hansen recovers such other and further relief as the court deems proper.

Dated: June 29, 2021                      Dean Gazzo Roistacher LLP

By:  */s/ Stephanie M. Skees*
Mitchell D. Dean
Stephanie M. Skees
Attorneys for Defendant
Deputy Hansen
E-mail: mdean@deangazzo.com;
sskees@deangazzo.com

## DEMAND FOR JURY TRIAL

Defendant Deputy Ryan Hansen hereby demands a trial by jury.

Dated: June 29, 2021                      Dean Gazzo Roistacher LLP

By:  */s/ Stephanie M. Skees*
Mitchell D. Dean
Stephanie M. Skees
Attorneys for Defendant
Deputy Hansen
E-mail: mdean@deangazzo.com;
sskees@deangazzo.com